BRANDER ET AL.    it was necessary to prove, in a positive manner, that the appel-
*vs.*
BOWMAR    AND     lant was aware of the debtor's being on the eve of bankruptcy ;
ABERCROMBIE.      proof of the absolute fraud alleged against the act, and of
of the debtor's
insolvency ;      the injury resulting therefrom, are the legal requisites to
proof of fraud    maintain that action, *Louisiana Code*, 1973 ; and as these
against the
mortgage as giv-  facts were left to the jury, we are unable to say that they
ing a preference
and the injury    came to an incorrect conclusion in declaring that the trans-
resulting to      action, between the two defendants, was fraudulent and
other creditors
is sufficient.    simulated.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

═══════════

BRANDER ET AL. *vs.* BOWMAR AND ABERCROMBIE.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF
OUACHITA, THE JUDGE OF THE SIXTH PRESIDING.

Where a debtor is perhaps in insolvent circumstances, but when there is no
proof that the creditor had any knowledge of it, he may give a valid mort-
gage in favor of such creditor.

A mortgage may be given to secure endorsements made and to be made,
and which are not due at the time of executing it.

So, a prior mortgage to secure endorsements not paid, will have preference
over a judgment creditor whose judgment is not recorded, when there is
no proof of knowledge of the insolvency of the debtor at the time by
the mortgagee.

This is an action to annul a mortgage executed by the
defendant Bowmar to Abercrombie, to secure the sum of ten
thousand one hundred and thirty-five dollars, and which the
plaintiffs allege was given by the mortgagor when he was
in insolvent circumstances or on the eve of insolvency, to the

WESTERN DIST.
October, 1840.

BRANDER ET AL.
vs.
BOWMAR AND-
ABERCROMBIE.

knowledge of the mortgagee, for the purpose of giving an unjust preference of one creditor over others, and especially the plaintiffs.

The plaintiffs show that on the 3d October, 1838, they obtained a judgment against Bowmar, the mortgagor, for five thousand four hundred and ninety-nine dollars, conditioned to be paid by instalments if security was furnished, but the defendant notified the plaintiff that he was unable to furnish the security required, and the judgment became absolute, but was not recorded.

The defendant had previously, on the 18th May, 1837, by notarial act, acknowledged himself indebted to Charles S. Abercrombie in the sum of ten thousand one hundred and thirty-five dollars, for which he executed his promissory note, and gave the mortgage in question, on a plantation, slaves, and all the stock and utensils of every kind, to secure payment. This mortgage the plaintiffs allege to be fraudulent as regards creditors, and which they seek to annul, and make the property subject to their judgment. Abercrombie at the same time was proceeding against the mortgaged property by order of seizure, and the plaintiffs prayed for and obtained an injunction to stay proceedings until their suit could be decided. The act of mortgage had been duly recorded at the instance of Bowmar himself.

The plaintiffs propounded interrogatories to both Bowmar and Abercrombie, touching the amount due from the former to the latter, the various items constituting the debt, the manner of executing the mortgage, &c.

Abercrombie, in answer to the first interrogatory, explained the transaction, and the nature of his debt. He says "he did not pay out in money for the use of Bowmar the sum included in the mortgage on the 18th May, 1837 ; but had paid before that day out of his own moneys, to and for the use of Bowmar, a large portion of said sum, and on that day became bound for him in sums of money, which he has since paid and which exceed the residue of that amount, and for the exhibition of the manner of which this respondent shows the following facts, to wit : that the said Bowmar is the half

Western Dist.
October, 1840.

BRANDER ET AL.
vs.
BOWMAR   AND
ABERCROMBIE.

brother of defendant's wife, and in December, 1833, petitioned this defendant and others of his friends to assist him with the means of purchasing some slaves to open a farm on his Ouachita lands. Thus, defendant felt at that time a desire to serve him, and on the 18th December, 1833, together with James Railey, John Hutchins, and Eliza C. Wood, of Mississippi, all relatives of Bowmar, each one loaned and advanced him the sum of fifteen hundred dollars, making in all, six thousand dollars, for securing the payment of which, the said Bowmar, on the 8th February 1834, acknowledged himself indebted as above, before the parish judge of Concordia, and gave mortgage on fifteen slaves, in the nature of a judgment confessed, and bound himself not to alienate or encumber said slaves to their prejudice, &c. On the 6th February, 1834, Bowmar became further indebted to defendant in four hundred and sixty-three dollars, for money collected and used, and for which he gave his note.

The defendant sets out and makes up an account of liability for which he had paid out for and on account of Bowmar, on the 18th May, 1837, the sum of eleven thousand four hundred and forty-seven dollars and thirty-eight cents, which, after deducting moneys paid for him and which he was actually out of pocket, amounts to more than ten thousand one hundred and thirty-five dollars.

In answer to all the interrogatories, he made full and explicit statements of all the transactions between him and Bowmar, relative to the debt and mortgage.

Bowmar's answers were of a very different character. There was no other testimony offered to contradict or disprove Abercrombie's or either of them.

The district judge came to the conclusion, from the evidence before him, that Bowmar was really indebted to Abercrombie, in the sum of one thousand nine hundred and eighty-three dollars and fifty cents, with interest; and that the injunction should be perpetuated for the remainder, and the mortgage annulled, and the property made subject to the plaintiffs' demand, for all above the sum found to be justly owing to Abercrombie. He appealed.

The case was submitted without argument, by *Mr. Downes*, for the plaintiffs, and by *Mr. M'Guire*, for Abercrombie, the appellant.

WESTERN DIST.
*October*, 1840.

BRANDER ET AL.
*vs.*
BOWMAR  AND
ABERCROMBIE.

*Simon, J.,* delivered the opinion of the court.

This is a revocatory action of the same nature as the case of Hempkin *vs.* Bowmar et al., just decided; but the facts adduced in support of the action, and the situation of the parties are quite different.   On the 18th May, 1837, defendant Bowmar, executed a mortgage in favor of Abercrombie, to secure a sum of ten thousand one hundred and thirty-five dollars, and said mortgage was regularly recorded.   In July following, an order of seizure and sale of the property mortgaged was issued, and stayed by injunction at the suit of Hempkin.   On the 3d October, 1838, a judgment was obtained by plaintiffs against Bowmar, for the sum of five thousand four hundred and ninety-nine dollars and ninety-nine cents, with interest, with a stay of execution until the first Monday in April, 1839, which judgment does not appear to have ever been recorded, and on the 6th of April, 1839, the present suit was instituted to annul and set aside the act of mortgage executed by Bowmar in favor of Abercrombie. Plaintiff propounded interrogatories to both defendants, to which they answered by giving a full statement of all the circumstances relative to their transaction in May, 1837; proof was also adduced, as to the amount of debts Bowmar owed at the time of the mortgage, and the district judge gave judgment in favor of Abercrombie, for the sum of one thousand nine hundred and eighty-three dollars and fifty cents, being the only amount which Bowmar owed him at the time the mortgage was executed; rejected the balance included in the mortgage as security debts, which were to become due some time afterwards, and annulled the act of mortgage, as to its effect against plaintiffs, for any other sum but one thousand nine hundred and eighty-three dollars and fifty cents.   From this judgment defendant, Abercrombie, appealed.

WESTERN DIST.
October, 1840.

BRANDER ET AL.
vs.
BOWMAR AND
ABERCROMBIE.

In the present case, the plaintiffs resorted to interrogatories, for the purpose of establishing, from the answers of both defendants, not only the facts of fraud and simulation alleged in the petition, but also the undue preference stated to have been given by Bowmar to Abercrombie, with a knowledge on the part of the latter of Bowmar's state of insolvency; but we think, he has failed in his attempt. From the answers of both defendants, it results that the act of mortgage attacked was executed for a valuable consideration, in this: That a part of the amount was really due at the time, and the balance was to secure certain endorsements on security debts, which Abercrombie had contracted for Bowmar, and which he was bound to pay one and two years afterwards; the transaction is fully explained in Abercrombie's answer to the first interrogatory, and no evidence has been adduced to contradict it. It is true that the evidence, found in the record, shows that Bowmar owed a great many debts at the time he executed the mortgage, and was perhaps in insolvent circumstances, but far from there being any proof to bring home a knowledge of the facts to Abercrombie, his answers to interrogatories show that Bowmar concealed the state of his affairs from him, and again no evidence has been adduced to the contrary.

*Where a debtor is, perhaps, in insolvent circumstances, but when there is no proof that the creditor had any knowledge of it, he may give a valid mortgage in favor of such creditor.*

In this state of the case, the district judge thought that Abercrombie was entitled to recover the amount actually due him by Bowmar at the time of the execution of the mortgage, and allowed him a preference over the plaintiffs for said amount, to be satisfied out of the property mortgaged, But, we think, he erred in not allowing him the benefit of the whole. It is perfectly clear, that "a mortgage may be given for an obligation which has not yet risen into existence, as when a man grants a mortgage by way of security, for endorsements which another promises to make for him." *Louisiana Code, article* 3259. 8 *Martin, N. S.,* 529. Here, the endorsements had actually been made; and as we are bound to believe, from the answers of Abercrombie to the interrogatories propounded to him by plaintiffs, which answers stand uncontradicted, that the contract of mortgage com-

*A mortgage may be given to secure endorsements made and to be made, and which are not due at the time of executing it.*

plained of was in good faith, we see no reason why the effect of said mortgage should not be extended to the whole of the debt.

From the facts and circumstances of the case, and particularly from the state of affairs of Bowmar at the time of the mortgage, there is no doubt that Abercrombie, obtained by said mortgage a right of preference over the plaintiffs, whose judgment was never recorded ; but there is no proof of Bowmar's insolvency being known to Abercrombie, at the time the mortgage was executed. *Idem., article* 1979. 4 *Louisiana Reports*, p. 256, 261, 141. And even if it had been shown, that he knew that Bowmar was in insolvent circumstances, plaintiffs' action ought to have been instituted within one year from the date of the contract of mortgage. *Idem., article* 1982. 3 *Louisiana Reports*, 28.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; that plaintiffs' action be dismissed and rejected, and that the act of mortgage executed by Bowmar, in favor of his co-defendant Abercrombie, do have, as against said plaintiffs, its full and legal effect ; said plaintiffs and appellees, paying costs in both courts.

So, a prior mortgage, to secure endorsements not paid, will have preference over a judgment creditor whose judgment is not recorded, when there is no proof of knowledge of the insolvency of the debtor at the time by the mortgagee.